UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT LINENBROKER,<br><br>Plaintiff,<br><br>v.<br><br>ITT EDUCATIONAL SERVICES INC. dba ITT TECHNICAL INSTITUTE, a California Corporation; and DOES 1-50,<br><br>Defendants. | 1:14-cv-00207 LJO GSA<br><br>ORDER DENYING MOTION TO STRIKE AND REQUESTING SUPPLEMENTAL BRIEFING RE MOTION TO DISMISS (Doc. 23) |

### I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

visiting judges in the absence of a consent to judgment. This action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California.

## II. INTRODUCTION

Plaintiff Scott Linenbroker began working as a sales representative for Defendant ITT Technical Institute in 2005. Plaintiff's (First) Amended Compl. (hereinafter "FAC"), Doc. No. 22, ¶ 5. Plaintiff claims that he was impermissibly dismissed from this position in July of 2013 due to his advanced age. *Id.* at ¶¶ 20-21. He seeks to recover under the California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940(a) & 12941. *Id.* Defendant moves this Court to dismiss Plaintiff's Second of Cause of Action for age discrimination under the disparate impact theory of proof, on the basis that Plaintiff failed to exhaust his administrative remedies for that claim. Defendant's Motion to Dismiss (hereinafter "Def.'s Mem."), Doc. 23. Defendant also moves this court to strike Plaintiff's demand for punitive damages on the basis that they are not available for disparate impact claims. *Id.*

## III. BACKGROUND

**A. Factual Background**

Plaintiff was hired by Defendant in October of 2005 as a "Senior I Representative" and was responsible for recruiting students to enroll in Defendant's educational courses. FAC ¶ 5. At some point, Plaintiff was promoted to the level of "Senior II Representative." *Id.* Plaintiff claims that he "consistently received very good performance evaluations throughout his employment, received positive reviews, received regular merit increases, and was periodically promoted. *Id.* at ¶ 6. Plaintiff was "suddenly" dismissed from his position on July 10, 2013. *Id.* at ¶ 8. Plaintiff claims that he was 64 years old at the time and the second oldest employee in his department. *Id.* at ¶ 7. Plaintiff alleges that while he was told that he was dismissed "for performance reasons," "[y]ounger individuals with weaker performance[s] (*sic*) were retained." *Id.* at ¶ 8. He also maintains that his performance "was equal to or better than the performance of several younger, lower paid, employees who were retained by Defendant after Plaintiff's termination" and that younger employees "were given the opportunity to decline promotions which came with higher performance metrics." *Id.* at ¶¶ 10, 12.

2

**B. Procedural Posture**

Plaintiff filed a "Complaint of Discrimination" with California's Department of Fair Employment and Housing ("DFEH") on December 10, 2013. Defendant's Motion to Dismiss, Ex. C[1], Doc. 24 at 28-29. Plaintiff alleged the following in his administrative complaint:

> I was hired by ITT Educational Services, Inc. dba ITT Technical Institute, on or about 10/5/2005. I was a Sr. II Representative, tasked with talking to potential students, and had an excellent performance record. I also got raises to the second highest in the department. I was also the second oldest in the department. I am now 64 years of age. On July 10, 2013, with no warning and no change in my performance, I was suddenly terminated. The pretext given was that this termination was somehow performance based, but my performance was equal to or better than that of several younger, lower paid, employees who were retained. The local managers never criticized my performance, and told me my termination was a decision made by someone else, off-site, and that the District Manager and Home Office managers refused to answer their questions about their direction to fire me. No progressive discipline was used, no verbal warning was given. Younger employees were kept and were given progressive discipline if their performance faltered.

*Id.* Per Plaintiff's request, DFEH issued an immediate "right to sue" notice and took no further action regarding his case. Notice of Removal, Ex. A, Doc. 24 at 9. Shortly thereafter, Plaintiff filed a claim in Fresno County Superior Court alleging Defendants unlawfully discharged Plaintiff because of his age, in violation of FEHA Section 12940(a). *Id.* at 4. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(b). Notice of Removal, Doc. 2.

Shortly thereafter, Plaintiff filed his amended complaint to include a claim based on FEHA Section 12941. FAC ¶ 29. Section 12941 allows plaintiffs to recover when the terms or conditions of their employment have been applied in a manner that discriminates against people over age of 40. Cal. Gov. Code § 12941. In the FAC, Plaintiff alleges that several of Defendant's "policies" had disparate impacts on workers and "gave substantially younger workers more favorable treatment." FAC ¶ 13. For example, Plaintiff alleges that older workers were forcibly "promoted" to positions with higher performance standards; whereas younger workers were allowed to decline the promotions. FAC ¶¶ 12-

---

[1] Because the administrative complaint was filed with DFEH and attached to pleadings filed in state court, it is a publicly available record and properly subject to judicial notice. *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957–58 (9th Cir. 1989).

3

Defendant moved this Court to dismiss the Second Cause of Action, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the basis that this Court does not have jurisdiction to hear this claim because Plaintiff failed to exhaust his administrative remedies prior to filing this claim. Def.'s. Mem., 3-4. Defendant also moved to strike Paragraph 38, which requested an award of punitive damages for this claim, on the basis that claims based on theories of disparate impact are categorically precluded from punitive damage awards. *Id.* at 8.

**C.    Legal Background of FEHA's Administrative Exhaustion Requirement**

FEHA requires potential plaintiffs "to participate in mandatory dispute resolution in the department's internal dispute resolution division" prior to filing a complaint in court, "in an effort to resolve the dispute without litigation." Cal. Gov't Code. § 12965(a). The first step in this process is filing an administrative complaint with DFEH. *Id.* at § 12960(b). The administrative complaint must be filed within a year of the alleged unlawful practice. *Id.* at § 12960(d). Plaintiff may demand the DFEH issue them a "right-to-sue" letter if the Department does not bring a civil action within 150 days' of filing the administrative complaint. *Id.* at § 12960(b). Once a plaintiff receives a right-to-sue letter, he or she is subject to a one-year statute of limitations to file suit in court. *Id.*

The purpose of FEHA's administrative exhaustion requirement is to ensure DFEH has the opportunity to resolve disputes and eliminate unlawful employment practices through prior to involving the courts. *Wills v. Superior Court*, 195 Cal. App. 4th 143, 156 (2011), as modified on denial of reh'g (May 12, 2011). California courts treat FEHA's requirement to file an administrative complaint with the DFEH as "a procedural prerequisite originally devised for convenience and efficiency" which "does not implicate subject matter jurisdiction." *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 897-98 (1998). Thus, the scope of the administrative complaint "must" be "construed liberally in favor of plaintiff." *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 268 (2009).

California appellate courts have looked beyond the four corners of an administrative complaint to consider incidents not specifically identified "if they would necessarily have been discovered by

investigation of the charged incidents."

investigation of the charged incidents." Other allegations in the complaint are "like or related" to those specified in the DFEH charge." *Soldinger v. Nw. Airlines, Inc.*, 51 Cal. App. 4th 345, 381 (1996) (quoting *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1615 (1995). "Essentially, if an investigation of what was charged in the [administrative agency filing] would necessarily uncover other incidents that were not charged, the latter incidents could be included in a subsequent [civil] action." *Id.*

In evaluating the scope of administrative complaints, courts must carefully review a potential plaintiff's factual statement, and not penalize plaintiffs if they "are not aware of the motivation for an employer's discriminatory conduct." *Sandhu v. Lockheed Missiles & Space Co*. 26 Cal. App. 4th 846, 858 (1994). ("Sandhu's failure to check the "national origin" box on his administrative charge was an amendable defect which does not preclude his bringing suit on this theory.").

Courts have been less likely to expand the scope of the complaint to include additional types of discrimination. *Okoli*, 36 Cal. App. 4th at 1615. ("For instance, a complaint alleging race discrimination is neither 'like or related to' nor likely to be discovered in a 'reasonable' investigation of a charge of sex discrimination."). Accordingly, the Ninth Circuit has found that a charge of discrimination against Mexican-Americans would not reasonably trigger an investigation into discrimination on the ground of disability. *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001) ("The two claims involve totally different kinds of allegedly improper conduct, and investigation into one claim would not likely lead to investigation of the other.").

Courts have also found that disparate treatment and disparate impact claims raise distinct theories of discrimination:

> Disparate treatment is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or other protected characteristic. Liability in a disparate-treatment case depends on whether the protected trait actually motivated the employer's decision. By contrast, disparate-impact claims involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Under a disparate-impact theory of discrimination, a facially neutral employment practice may be deemed illegally discriminatory without evidence of the

5

treatment' case.

*Raytheon Co. v. Hernandez*, 540 U.S. 44, 52–53 (2003) (internal quotation marks, citations, and alterations omitted). Courts applying California law have been reluctant to find that claims of disparate treatment are "like or related to" disparate impact claims. *De Los Santos v. Panda Exp., Inc. ("Panda Express")*, C 10-01370 SBA, 2010 WL 4971761 (N.D. Cal. Dec. 3, 2010); *see also Brown v. Puget Sound Electrical Apprenticeship & Training Trust*, 732 F.2d 726 (1984) (finding that a federal administrative complaint of disparate treatment[2] was not like or related to a disparate claim because "[a]ny investigation of whether [the appellee's] application was rejected as the result of disparate impact would not have encompassed her subsequent claim that when she reapplied to the program she was subjected to intentional sex discrimination."). One reason that these cases are treated differently is that disparate treatment investigations are centered on finding evidence of intentional conduct, while disparate impact cases examines a policy's effects of minority groups in a workplace. *Panda Express*, 2010 WL 4971761 at *4.

  In *Panda Express*, the plaintiff mentioned the existence of a facially neutral promotional policy in her administrative complaint. *Id.* at *5. However, she did not claim that the *policy itself* was the reason she was never promoted. *Id.* Thus, the court found that the plaintiff neither "state[d] nor implie[d] that [the policy] had any disparate impact on De La Santos or any other employee." *Id.* Similarly, the court in *Pacle v. JPMorgan Chase Bank, N.A.* found that a claim that discussed "only [the plaintiff's] belief that she was discriminated against based on her age" could be read to allege only a claim of disparate treatment. C13-3379 TEH, 2013 WL 5289020 at * 2 (N.D. Cal. Sept. 19, 2013). Because "nothing in the charge suggests a policy of terminating such individuals or any other facially neutral employment practice," "it would not be reasonably expected for an investigation into the alleged policy to grow out of the administrative charge in this case . . ." *Id.*

---

[2] California courts often rely on federal employment law decisions, where, as here, the part of the state employment law is analogous. *Sandhu*, 26 Cal.App.4th at 851.

courts have allowed FEHA plaintiffs to overcome the failure to exhaust where they can demonstrate that an exception should apply for equitable reasons. *Holland v. Union Pac. R. Co.*, 154 Cal. App. 4th 940, 946-47 (2007), as modified (Aug. 29, 2007). Because the administrative time limits prescribed by FEHA are treated as equivalent to statutes of limitations, they are subject to equitable doctrines such as waiver, estoppel, and tolling. *Rodriguez v. Airborne Express*, 265 F.3d at 900. For example, a California appellate court allowed a case to go forward, despite an untimely filed administrative complaint, where the plaintiff was misled by inaccurate advice from the DFEH. *Denney v. Universal City Studios, Inc.*, 10 Cal. App. 4th 1226, 1234 (1992).

## IV. ANALYSIS

### A. The Proper Framework For Pleading Administrative Exhaustion

Defendant argues that Plaintiff's Second Cause of Action should be dismissed for failure to exhaust administrative remedies. Def.'s. Mem. at 3. Defendant presents two frameworks for dismissal; either for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under rule 12(b)(6).

#### 1. Defendant's Arguments Do Not Address Subject Matter Jurisdiction

Defendant cites *Blanchard v. Moron School District*, 420 F.3d 918, 920-921 (9th Cir. 2005), for the theory that a plaintiff's failure to exhaust administrative remedies deprives a federal court of subject matter jurisdiction. Def.'s. Mem. at 3. *Blanchard*, however, is inapplicable because it has been overruled *twice* by the Ninth Circuit.[3] In *Blanchard*, plaintiff was a mother of a child with autism who claimed that a school district failed to accommodate her child's needs in violation of the federal Individuals with Disabilities Education Act ("IDEA"). 420 F. 3d at 920. Citing previous case law, the Ninth Circuit affirmed the general principle that failure to exhaust deprives the district courts of jurisdiction, but held that this did not apply to the plaintiff's case because she was seeking remedies not available under the

---

[3] California Rule of Professional Conduct 5-200(D) provides that attorneys "[s]hall not, knowing its invalidity, cite as authority a decision that has been overruled or a statute that has been repealed or declared unconstitutional." Given that counsel for Plaintiff did not address this in his brief either, the Court will assume that Defendant's failure to research this matter properly is due to sloppiness rather than willful misconduct.

7

IDEA" at 9214. The 9207 Circuit revisited this point some years later "[f]ollowing a spate of Supreme Court cases clarifying the difference between provisions limiting our subject matter jurisdiction, which cannot be waived and must be pled in the complaint, and claims processing provisions, which must be pled as an affirmative defense or forfeited." *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 867 (9th Cir. 2011) (internal quotations omitted). Reviewing the text of the IDEA, the Ninth Circuit held that "the exhaustion requirement in § 1415(l) is not jurisdictional. It is not clearly labeled jurisdictional, is not located in a jurisdiction granting provision, and admits of congressionally authorized exceptions" and explicitly overruled *Blanchard. Id.* at 870-871. The Court also found that the exhaustion requirement should be brought as "an unenumerated motion to dismiss, in the context of which the court may decide disputed issues of fact to the extent they are necessary to deciding whether her claims require exhaustion and, if so, whether she has adequately exhausted available administrative remedies." *Id.* at 881. This position was further modified earlier this year by an *en banc* decision in *Albino v. Baca*. 747 F.3d 1162 (9th. Cir. 2014). The *Albino* case addressed the exhaustion requirements in the federal Prison Litigation Reform Act ("PRLA"), but the Ninth Circuit made clear that its holding reached beyond that law. As with the IDEA, Ninth Circuit courts consider failure-to-exhaust arguments in PRLA cases as affirmative defenses. Reflecting on the Supreme Court holding in *Jones v. Bock*, 549 U.S. 199 (2007), the *Albino* Court decided that the use of an "unenumerated" motion was "in tension with the Court's admonition in *Jones* against deviating from 'the usual practice under the Federal Rules.'" *Id.* at 1169 ("The very phrase . . . 'an unenumerated Rule 12(b) motion'—is a concession that such a motion is not contemplated by the rules."). The Court advised that there were two proper frameworks for dealing with exhaustion remedies under the PRLA. First, the argument could be raised in a 12(b)(6) motion to dismiss – but only if failure to exhaust is clear from the face of the complaint (which is likely to happen only rarely since inmates are not required to specially plead or demonstrate exhaustion in complaints). *Id.* The other, more "typical" approach requires a Defendant to present probative evidence that the plaintiff failed to exhaust administrative remedies, and therefore should be raised in a Rule 56 motion for summary judgment. *Id.* The *Albino* Court further held that exhaustion

8

should be decided "if feasible" before a federal court addresses the merits of a PLRA claim, and that also "if feasible," "disputed factual questions relevant to exhaustion should be decided at the very beginning of the litigation." *Id*. at 1170-71. Recognizing that unenumerated 12(b) motions had been used in other contexts (including IDEA cases), the Court made clear that the "basic procedure" outlined in *Albino* "is appropriate in these other contexts as well." *Id.* Thus, Defendants' reliance on the holding in *Blanchard* as the premise for its 12(b)(1) motion is misplaced.

Similarly, California courts evaluating FEHA cases have "expressly recognized" that its exhaustion doctrine "does not implicate subject matter jurisdiction but rather is a procedural prerequisite originally devised for convenience and efficiency." *Keiffer*, 65 Cal. App. 4th at 897-98 (internal quotations omitted). This Court has adopted has adopted this position. *Sutton v. Derosia*, 1:11-CV-01426-LJO, 2012 WL 4863788, at *21 (E.D. Cal. Oct. 12, 2012) ("Although California courts describe exhaustion as a jurisdictional prerequisite to suit under [the] FEHA, this label does not implicate the trial court's fundamental subject matter jurisdiction.") (quoting *Rodriguez*, 265 F.3d at 900.). Thus, Defendant's arguments do not present a proper basis for a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

### 2. Defendants' Arguments May Be Reviewed as a 12(b)(6) Motion

Defendant alternatively brings its administrative exhaustion claim as a motion to dismiss pursuant to Rule 12(b)(6). Def.'s. Mem. at 4. Defendant maintains that a motion to dismiss is a proper vehicle to bring exhaustion claims when the failure to exhaust is evident from the face of the complaint "or documents attached thereto." *Id.* Defendants base this theory on the Ninth Circuit's decision in *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988). *Id*. In *Ritza*, a federal district court relied on matters outside the pleadings to address exhaustion issues, but was not clear about whether it ultimately ruled on defendants' motion to dismiss or motion for summary judgment. 837 F.2d at 368. The Ninth Circuit decided that the district court correctly treated the matter as an *unenumerated* motion to dismiss, which allowed it to consider matters beyond the complaint and make related factual findings. *Id.* at 369. As discussed above, the Ninth Circuit expressly overruled this

approach in [footnote 4] (identifying *Ritza* as the decision applied). Thus, Defendant's reliance on *Ritza* is misplaced.

The *Albino* Court recognized exhaustion issues as an affirmative defense that <u>defendants</u> "must plead and prove." 747 F.3d. at 1166. Generally, *Albino* holds that the defense should be brought as a Rule 56 motion for summary judgment. *Id.* at 1171. However, the defense may be brought in a motion to dismiss "in the rare event that a failure to exhaust is clear on the face of the complaint." *Id.* at 1166. Because the Ninth Circuit treats failure-to-exhaust arguments as affirmative defenses in federal employment discrimination cases as well, this Court finds that the *Albino* approach may be properly applied to FEHA claims as well. *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 (9th Cir. 2009).

**B.    Whether Defendants' Motion Should Be Granted Under 12(b)(6)**

    **1.    Standard of Review Under 12(b)(6)**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

In federal court, dismissal for failure to state a claim is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Turner v. Boldt*, 172 F.3d 59 (9th Cir. 1999) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). Review is normally limited to the complaint and the issue is "not whether a plaintiff will ultimately prevail but whether [she] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416

---

[4] The admonishment in fn 2, *supra*, applies here as well. Given that the other case Defendants cite in support of their argument, *Caputo v. Scherffenberg*, 1:13-CV-00415-AWI, 2014 WL 1847427 (E.D. Cal. May 8, 2014), relies on the *Albino* decision, this Court is dumbfounded as to why Counsel failed to address it.

U.S. 232, 236 (1974) "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. City of San Diego,* 5 F.3d 1273, 1275 (9th Cir.1993), *quoting Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir.1980).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Though courts reviewing 12(b)(6) motions are "generally limited to considering the contents of the complaint," *Kee v. Mersch*, 297 F. App'x 615, 617 (9th Cir. 2008), "a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). However, the limited ability a district court has to review documents beyond the pleadings should not be construed as an end run around the proper standard of review for a motion to dismiss. *Hodges v. Holiday Inn Select*, CVF-07-615 OWW/TAG, 2008 WL 149139 (E.D. Cal. Jan. 14, 2008) aff'd, 357 F. App'x 887 (9th Cir. 2009) ("Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint."). For example, "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon*, 614 F.2d at 682. Applying this framework to the case at hand requires this Court to deny Defendants' motion under Federal Rule 12(b)(6) unless the assertions in the complaint, read with

the request liberality, I do not permit the Plaintiff to provide the available exception to apply.

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**2.     Whether Plaintiff's Second Claim for Relief Must be Dismissed Under 12(b)(6)**

Defendants argue that Plaintiff's administrative complaint does not allege a disparate impact claim because it does not identify a facially neutral policy that has a disproportionate adverse effect on older employees. Defs.' Mem. at 6. Further, they argue that Plaintiff's claim is not like or related to a disparate impact claim because he did not allege in his administrative complaint any facts that would have reasonably led to an investigation of such a policy. *Id.* at 7.

Plaintiff concedes that he did not allege a disparate impact claim in his administrative complaint. Opposition at 3 ("It is fairly obvious that Plaintiff did not have a full understanding of the policies, theories or reasons for Plaintiff's termination . . ."). Plaintiff claims that his administrative complaint is, however, "like or related to" a disparate impact claim because "[a]ny reasonable investigation by the DFEH would necessarily include an evaluation of Defendant's criteria it allegedly used to justify Plaintiff's termination." Opposition at 5.

Plaintiff, however, fails to provide *any* evidence or case law that supports this theory as applied to issue at hand.[5] Further, counsel for Plaintiff blatantly ignores the voluminous contradictory case law cited by Defendants. As discussed above, courts that have considered this issue have generally concluded that allegations of disparate treatment do not necessarily raise issues of disparate impact. For these reasons, this Court finds Plaintiff's argument unpersuasive.

Plaintiff's more substantial argument is that he was unaware, and could not reasonably have known, of Defendants' discriminatory policies at the time he filed his complaint. Opposition at 3. He argues that it was not possible for him to know of these policies until "a reasonable investigation took

---

[5] Plaintiff cites to *Nazir,* 178 Cal. App. 4th at 243, to support his general theory. *Id*. However, the exhaustion issue in *Nazir* had to with whether facts found in the course of a DFEH investigation could supplement claims alleged in an initial complaint. *Id.* at pp. 268–269, and does not reflect on a situation where, as here, the administrative record is limited to the complaint filed.

12

place." *Id.* This is an untenable argument insofar as the Plaintiff should be excused from his responsibility to exhaust his administrative remedies because it would not be fair to apply them to his circumstance.

Plaintiff's argument relies on the assumption that Plaintiff has a valid reason for failing to mention in the administrative complaint the policies described in paragraphs 12 and 13 of the FAC. It is unclear from the contents of the FAC and the Opposition, what this reason is. Plaintiff argues generally that he "cannot possibly know all the evidence, reasons, or affirmative defenses that Defendant will use to justify Plaintiff's termination." Opposition at 4. However, Plaintiff does not claim that he was actually unaware of the policies at the time he made his administrative complaint. Nor does Plaintiff clearly state that he was unaware of the potentially discriminatory effects of these policies. Rather, it seems that Plaintiff is arguing that he was unaware that Defendant used these policies to justify his termination until sometime after the he filed the complaint. Opposition at 3. ("Additional facts supporting disparate impact could not be revealed until a reasonable investigation took place. . ."). However, Plaintiff asserted no facts in support of this assertion. It is unclear whether the "investigation" he alludes to in his opposition was conducted by the DFEH, by his attorney- or even if one actually occurred at all. It is equally plausible that the reference is simply to a legal theory- that Plaintiff could not have been aware of his employer's policies until someone with greater investigative abilities intervened.[6]

Because the issue before the Court is a 12(b)(6) motion to dismiss, this Court must evaluate whether a "liberal reading" of the FAC would permit the Plaintiff to prove that these exceptions apply. However, neither side has briefed the issue of equitable exceptions in their papers. Thus in the interest of fairness to the Parties, the Court is requesting supplemental briefing on this matter.

**C.**     **Whether Plaintiff's Request for Punitive Damages Should be Struck**

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

---

[6] The content and layout of the administrative complaint form on the DFEH website is of no relevance to the issue of whether Plaintiff's Second Cause of Action must be dismissed under Rule 12(b)(6). Thus, Plaintiff's request for judicial notice, Doc. No. 28 is DENIED.

13

"Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.... Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citing 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d, § 1382, pp. 706–07, 711 (1990)), *rev'd. on other grounds* by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Redundant" allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action. *Gilbert v. Eli Lilly Co.*, Inc., 56 F.R.D. 116, 121, n. 4 (D.P.R. 1972). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.,* 217 F.Supp.2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id.* The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. *See Fogerty*, 984 F.2d at 1527; *Sidney–Vinstein v. A .H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Benham v. Am. Servicing Co.*, C 09-01099 JSW, 2009 WL 4456386 *1033 (N.D. Cal. Nov. 30, 2009); *see also Lazar v. Trans Union* LLC, 195 F.R.D. 665, 669 (C.D.Cal.2000); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). Accordingly, courts often require a showing of prejudice by the moving party. *S.E.C. v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995) *aff'd sub nom*. *S.E.C. v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir. 1998) (internal quotations omitted). The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *ALCO*, 217 F. Supp. 2d at 1028.

Defendant argues that Plaintiff's request for punitive damages should be struck because "[t]he very nature of disparate impact claims precludes a plaintiff from satisfying California's standard for

punitive damages." Doc. 26 Mot. at 8. Defendant points out that punitive damages are available for FEHA claims only where the defendant is found to have acted with oppression, fraud or malice. *Id.* (quoting *Commodore Home Systems Inc. v. Superior Court*, 32 Cal. 3d 211 (1982)).

> 'Malice' is defined in the statute as conduct 'intended by the defendant to cause injury to plaintiff, or despicable conduct that is carried on by the defendant with a willful and conscious disregard for the rights or safety of others.' (Civ.Code, § 3294, subd. (c)(1); *College Hospital*, supra, 8 Cal.4th at p. 725, 34 Cal.Rptr.2d 898, 882 P.2d 894.) " 'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." (Civ.Code, § 3294 subd. (c)(2).) " 'Fraud' " is "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." (Civ.Code, § 3294, subd. (c)(3).)

*Turman v. Turning Point of Cent. California, Inc.*, 191 Cal. App. 4th 53, 63 (2010).

Defendant argues that because disparate impact claims by their nature do not involve an element of intent, they cannot support a finding of bad intent. *Id.* It is true that a prima facie of disparate impact does not require a showing of bad intent.[7] *Schechner v. CBS Broad., Inc.,* C 08-05049 MHP, 2010 WL 2794374 at *11 (N.D. Cal. July 15, 2010) ("Although the court has not yet assessed plaintiffs' disparate impact claims, the court holds that the very nature of such claims precludes plaintiffs in this case from satisfying California's standard for punitive damages."). However, unlike federal discrimination law[8], FEHA does not specifically forbid punitive damage awards in disparate impact claims. This Court is reluctant to hold that there are no circumstances under which a plaintiff might show "oppression, fraud, or malice" in the context of prosecuting a discrimination claim based on disparate impact- much less find that a request for punitive damage is "redundant, immaterial, impertinent, or scandalous matter." Thus, the Court DENIES Defendant's motion to strike. Such a matter is better dealt with pursuant to

---

[7] "A plaintiff may establish a prima facie case under FEHA by showing that the defendant's practice has had a disparate impact on a protected group. The burden of proof then shifts to the employer to demonstrate that the practice is a business necessity, which is valid and job-related. Plaintiff may still prevail if s/he can show that the employment practice was merely a pretext for discrimination." *F.E.H.C. v. City and County of San Francisco*, FEHC Dec. No. 82–11, at 25 (1982), *decision aff'd, City and County of San Francisco v. F.E.H.C.*, 191 Cal.App.3d 976 (1987).
[8] "The 1991 Act limits compensatory and punitive damages awards, however, to cases of "intentional discrimination"-that is, cases that do not rely on the "disparate impact" theory of discrimination. 42 U.S.C. § 1981a(a)(1). Section 1981a(b)(1) further qualifies the availability of punitive awards." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999).

15

## V. CONCLUSION AND ORDER

**1.**     Defendant's Motion to Strike is DENIED;

**2.**     The Parties are directed to file supplemental briefing addressing the following issue **only:** Does Plaintiff's FAC allege facts that, if believed, could establish applicability of equitable exceptions that would excuse his failure to exhaust administrative remedies for his second claim for relief? In lieu of supplemental briefing Plaintiff will be allowed to file a (second) amended complaint that adds allegations regarding equitable exceptions to the exhaustion requirement. Counsel for Plaintiffs are cautioned that this will be the last opportunity to amend.

**3.**     Plaintiff's brief (or amended complaint) shall be filed within 20 days of this Order. Defendants' Reply (if any) shall be due 10 days after the filing of Plaintiff, or 30 days after this Order, whichever comes later.

**SO ORDERED**
**Dated: September 23, 2014**

　　　　　　　　　　　　　　　　　　**/s/ Lawrence J. O'Neill**
　　　　　　　　　　　　　　　　　　**United States District Judge**

16